LAW OFFICE OF BERNARD V. KLEINMAN, PLLC
By:    Bernard V. Kleinman, Esq.
        108 Village Square
        Suite 313
        Somers, NY 10589-2305
        Tel. 914.644.6660
        Fax 914.694.1647
        Email: *attrnylwyr@yahoo.com*
Attorney for Plaintiffs

UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO
=====================================  :

DAVID ZIRPOLO, DAVID BANKS,               :
DEMETRIUS HARPER, CLINTON STEWART,        :
COLORADO SPRINGS FELLOWSHIP               :
CHURCH,                                   :      Docket No. 19-cv-
                          Plaintiffs,     :
                                          :
                                          :
— *versus* —                              :      **COMPLAINT & JURY**
                                          :             **DEMAND**
                                          :
E. WILLIAMS, WARDEN FCI FLORENCE,         :
HUGH HIRWITZ, ACTING DIRECTOR,            :
FEDERAL BUREAU OF PRISONS, N. MORSE,      :
ADMINISTRATOR OF THE FEDERAL PRISON       :
CAMP, FCI FLORENCE, CO., in their Official :
And Individual Capacities, Jointly and Severally, :
                          Defendants.     :
=====================================  :

1. Plaintiffs, DAVID ZIRPOLO, DAVID BANKS, DEMETRIUS HARPER, CLINTON

STEWART, and COLORADO SPRINGS FELLOWSHIP CHURCH, by way of Complaint, by

and through their attorney of record, Bernard V. Kleinman, an attorney duly admitted to practice

before the Bar of this Court, do hereby aver and allege as follows,

## INTRODUCTION & BACKGROUND

2. In or around July 26, 2018, Plaintiffs DAVID ZIRPOLO, DAVID BANKS,

DEMETRIUS HARPER, and CLINTON STEWART did jointly and individually make a formal

request, through the Bureau of Prisons Administrative Remedy Program, that they be permitted to

view religious DVDs as prepared by the Plaintiff COLORADO SPRINGS FELLOWSHIP
CHURCH.

3. These DVDs were of an entirely religious nature and contained no information, material,
content, or any other such subject matter that could be considered to be deleterious to the welfare,
health and safety of the inmates, personnel and staff of the Federal Prison Camp at Florence, CO.

4. This request was made through the then Chaplain of the Federal Prison Camp, Chaplain
Henderson.

5. Prior thereto, in or around 2013, and then again in or around December 2017, Plaintiff
COLORADO SPRINGS FELLOWSHIP CHURCH did forward copies of the inmate requested
religious DVDs to the Federal Prison Camp, to the attention of the Chaplain.

6. At all times it was requested that the subject DVDs be kept in the library where similar
religious articles and literature, including DVDs, were kept for inmates of all religious faiths —
Christian, Jewish, Muslim, and others.

7. The request that the DVDs be so kept in the Chaplain's library was so that any inmate,
if he so desired, could view the material.

8. This initial request of the Plaintiffs DAVID ZIRPOLO, DAVID BANKS, DEMETRIUS
HARPER, and CLINTON STEWART, to have access to the subject DVD, was denied, as were
subsequent requests as made through the inmate Administrative Remedy Program.  See Exhibit A,
Administrative Remedy Program inmate Resolution forms for Plaintiffs DAVID ZIRPOLO,
DAVID BANKS, DEMETRIUS HARPER, and CLINTON STEWART.

9. The last such request was denied by the Central Office on October 12, 2018.

10. The inmate Plaintiffs have thus exhausted their Administrative Remedies and are in
full compliance with the Prisoner Litigation Reform Act, 42 U.S.C. § 1997e.

11. At the same time, Plaintiff COLORADO SPRINGS FELLOWSHIP CHURCH was advised that the proffered DVDs were being rejected by the Chapel Library, and would be returned.

12. As of the date of this Complaint, the proffered DVDs have never been received back by Plaintiff COLORADO SPRINGS FELLOWSHIP CHURCH.

13. One of the subject DVDs was a DVD of the Christmas Program, led by Pastor Rose Banks, at the Plaintiff COLORADO SPRINGS FELLOWSHIP CHURCH, on or about December 20, 2017.

14. This DVD is entirely of a religious nature, and was the service conducted before the entire congregation of the Plaintiff COLORADO SPRINGS FELLOWSHIP CHURCH, on the date as referenced above, on or about December 20, 2017.

15. Plaintiffs DAVID ZIRPOLO, DAVID BANKS, DEMETRIUS HARPER, and CLINTON STEWART made this request as all of the named Plaintiffs were members of the Plaintiff COLORADO SPRINGS FELLOWSHIP CHURCH prior to their incarceration.

16. The Defendants E. WILLIAMS, WARDEN FCI FLORENCE, N. MORSE, ADMINISTRATOR OF THE FEDERAL PRISON CAMP, FCI FLORENCE, CO., and HUGH HIRWITZ, ACTING DIRECTOR, FEDERAL BUREAU OF PRISONS, have knowingly, intentionally, willfully and with malice interfered with the Free Exercise Clause of the First Amendment to the United States Constitution as applied to the Plaintiffs DAVID ZIRPOLO, DAVID BANKS, DEMETRIUS HARPER, and CLINTON STEWART, by denying them the right to worship as they please.

17. The Defendants E. WILLIAMS, WARDEN FCI FLORENCE, N. MORSE, ADMINISTRATOR OF THE FEDERAL PRISON CAMP, FCI FLORENCE, CO., and HUGH HIRWITZ, ACTING DIRECTOR, FEDERAL BUREAU OF PRISONS, have knowingly,

intentionally, willfully and with malice interfered with the Establishment Clause of the First Amendment to the United States Constitution as applied to the Plaintiffs DAVID ZIRPOLO, DAVID BANKS, DEMETRIUS HARPER, and CLINTON STEWART, by denying them the right to worship as they please, and have violated the Religious Freedom Restoration Act, 42 U.S.C. § 2000bb, *et seq.*

18. The Defendants E. WILLIAMS, WARDEN FCI FLORENCE, N. MORSE, ADMINISTRATOR OF THE FEDERAL PRISON CAMP, FCI FLORENCE, CO., and HUGH HIRWITZ, ACTING DIRECTOR, FEDERAL BUREAU OF PRISONS, have knowingly, intentionally, willfully and with malice interfered with the Free Speech Clause of the First Amendment to the United States Constitution as applied to Plaintiffs DAVID ZIRPOLO, DAVID BANKS, DEMETRIUS HARPER, and CLINTON STEWART, by denying them the right to worship as they please, and have violated the Religious Freedom Restoration Act, 42 U.S.C. § 2000bb-1, *et seq.*

19. The Defendants E. WILLIAMS, WARDEN FCI FLORENCE, N. MORSE, ADMINISTRATOR OF THE FEDERAL PRISON CAMP, FCI FLORENCE, CO., and HUGH HIRWITZ, ACTING DIRECTOR, FEDERAL BUREAU OF PRISONS, have knowingly, intentionally, willfully and with malice interfered with the Establishment Clause, Free Exercise Clause, and Free Speech Clause of the First Amendment to the United States Constitution as applied to the Plaintiff COLORADO SPRINGS FELLOWSHIP CHURCH, by singling it out, among all other religious groups, and has denied it permission to provide religious materials to the inmates at the Federal Prison Camp, Florence, CO.

## PARTIES

20. Plaintiff DAVID ZIRPOLO, is an inmate at the Federal Prison Camp, located in Florence, CO. His Bureau of Prisons Register No. is 36323-013. Prior to his incarceration, he was an active participating member of Plaintiff COLORADO SPRINGS FELLOWSHIP CHURCH for more than 25 years, and regularly attended services there.

21. Plaintiff DAVID BANKS, is an inmate at the Federal Prison Camp, located in Florence, CO. His Bureau of Prisons Register No. is 36319-013. Prior to his incarceration, he was an active participating member of Plaintiff COLORADO SPRINGS FELLOWSHIP CHURCH for more than 35 years, and regularly attended services there.

22. Plaintiff DEMETRIUS HARPER, is an inmate at the Federal Prison Camp, located in Florence, CO. His Bureau of Prisons Register No. is 36320-013. Prior to his incarceration, he was an active participating member of Plaintiff COLORADO SPRINGS FELLOWSHIP CHURCH for more than 38 years, and regularly attended services there.

23. Plaintiff CLINTON STEWART, is an inmate at the Federal Prison Camp, located in Florence, CO. His Bureau of Prisons Register No. is 36322-013. Prior to his incarceration, he was an active participating member of Plaintiff COLORADO SPRINGS FELLOWSHIP CHURCH for more than 36 years, and regularly attended services there.

24. Plaintiff COLORADO SPRINGS FELLOWSHIP CHURCH is an evangelical Christian church, with its offices located at 451 Windchime Place, Colorado Springs, CO 80919.

25. Plaintiff COLORADO SPRINGS FELLOWSHIP CHURCH has been an active evangelical church in the Colorado Springs area since June 1982, and is organized under the laws of the State of Colorado. Colorado Secretary of State ID Number: 19871479330.

26. Plaintiff COLORADO SPRINGS FELLOWSHIP CHURCH religious principles are as follows:

"We accept the Holy Scriptures as the revealed will of God, the all-sufficient rule for faith and practice.  For the purpose of maintaining general unity, the church adopts the following scriptures of Fundamental Truths:

The Scriptures Inspired
II Timothy 3:15-17 |I Peter 1:23-25 |Hebrews 4:12
The Trinity
I John 5:7
The Conditions of Salvation
Titus 2:11, 3:5 |Romans 10:13-15 |Luke 24:47
The Evidence of Salvation
Romans 8:15
Baptism in Water
Matthew 28:19 |Acts 10:47-48 |Romans 6:4
The Promise of the Father
Luke 24:49 |Acts 1:4-8 |I Corinthians 12:1-31
New Birth Experience
Acts 2:38, 10:44-46, 11:14-16, 15:7-9
The Evidence of Baptism of the Holy Ghost
Acts 1:8, 2:4, 42-43, 10:44-46, 19:2-6
Entire Sanctification
Hebrews 12:14, 23 |I Peter 1:15-16 |I Thessalonians 5:23-24 |I John 2:6, 19-22
Divine Healing
Isaiah 53:4-5 |Matthew 8:16-17 |Mark 16:18 |John 5:14"

https://www.CSFC.org/our-beliefs.

27. Plaintiff COLORADO SPRINGS FELLOWSHIP CHURCH is a Section 501(c)(3) entity, and engages in no political or partisan behavior or activities.

28. Defendant N. MORSE is the Administrator of the Federal Prison Camp located in Florence, CO., and conducted all acts as set forth herein in in his official and individual capacity.

29. Defendant E. WILLIAMS is the Warden at the Federal Correctional Institution, located at Florence, CO., and conducted all acts as set forth herein in in his official and individual capacity.

30. Upon information and belief, Defendant E. WILLIAMS has supervisory authority over Defendant N. MORSE.

31. Defendant HUGH HIRWITZ is the Acting Director of the Federal Bureau of Prisons, and has served in that capacity since May 2018, and conducted all acts as set forth herein in his official and individual capacity.

## JURISDICTION & VENUE

32. Each and all acts of Defendants N. MORSE, E. WILLIAMS, and HUGH HIRWITZ, were performed under the color and pretense of the Constitution, statutes and ordinances, regulations, customs, and usages of the United States of America.

33. Each and all acts of Defendants N. MORSE, E. WILLIAMS, and HUGH HIRWITZ, were performed individually and beyond the scope of their authority under the color and pretense of the Constitution, statutes and ordinances, regulations, customs, and usages of the United States of America.

34. The incidents which give rise to this cause of action occurred within this jurisdiction, the District of Colorado, and within three years of the filing of this Complaint.

35. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1), (b)(2), as amended by Section 311 of the Judicial Improvement Act of 1990, by reason of it being the location where all, or substantially all, of the events or omissions giving rise to the claims occurred, and where one or more, upon information and belief, of the Defendants reside.

36. Jurisdiction is proper pursuant to federal question jurisdiction and the amount of damages is in excess of the jurisdictional amount laid out therein and the Civil Rights Act, *viz.*, 28 U.S.C. § 1331, 28 U.S.C. § 1332, 28 U.S.C. § 1343(a)(3)(4), 42 U.S.C. § 1983, 42 U.S.C. § 2000bb, *et seq.*  Plaintiff further invokes the pendent and supplemental jurisdiction of this Court to hear and decide claims arising under state law pursuant to 28 U.S.C. § 1367.

37. In addition thereto, this action is brought pursuant to the First Amendment of the United States Constitution, specifically the Free Exercise, Establishment, and Free Speech Clauses of the First Amendment.

38. In addition thereto, this action is brought pursuant to the Religious Freedom Restoration Act, 42 U.S.C. § 2000bb, *et seq.*

39. Plaintiffs jointly and severally seek attorney fees and costs pursuant to 42 U.S.C. § 1988.

40. In addition thereto, this action is brought pursuant to Article II, Bill of Rights, §§ 4, 10 of the Colorado State Constitution.

41. In addition thereto, this action is brought pursuant to the decisions of the State Courts of the State of Colorado.  See *Bock v. Westminster Mall Co.*, 819 P.2d 55, 59 (Colo. 1991) (noting "we have highlighted the second clause of Article II, Section 10 of our own constitution, which is an affirmative acknowledgement of the liberty of speech, and therefore of greater scope than that guaranteed by the First Amendment"); *Holliday v. Reg'l Transp. Dist.*, 43 P.3d 676, 681 (Colo. App. 2001) (noting "that article II, § 10 of the Colorado Constitution provides greater protection for freedom of speech than does the First Amendment").

## ADDITIONAL RELEVANT FACTS MATERIAL TO ALL CAUSES OF ACTION

42. All of the individual named Plaintiffs, DAVID ZIRPOLO, DAVID BANKS, DEMETRIUS HARPER, and CLINTON STEWART have been, for decades, active and participating members in the named Plaintiff COLORADO SPRINGS FELLOWSHIP CHURCH.

43. All of the named Plaintiffs, DAVID ZIRPOLO, DAVID BANKS, DEMETRIUS HARPER, and CLINTON STEWART hold sincere, genuine and earnest beliefs in evangelical

Christianity as set forth by the practices and observances of the Plaintiff COLORADO SPRINGS FELLOWSHIP CHURCH.

44. Up until the day of their incarceration under the custody and control of the Defendant HUGH HIRWITZ, ACTING DIRECTOR, FEDERAL BUREAU OF PRISONS, and under the custody and control of Defendants E. WILLIAMS and N. MORSE, the Plaintiffs, DAVID ZIRPOLO, DAVID BANKS, DEMETRIUS HARPER, and CLINTON STEWART sought regular and honest support from the religious teachings and observances of the Plaintiff COLORADO SPRINGS FELLOWSHIP CHURCH.

45. In or around 2013 Plaintiff COLORADO SPRINGS FELLOWSHIP CHURCH sent, by U.S. Mail, ten [10] DVDs of Plaintiff COLORADO SPRINGS FELLOWSHIP CHURCH services.

46. These DVDs were mailed to the then FCI Florence Chaplain, Jason Henderson.

47. Chaplain Henderson acknowledged receipt of said DVDs.

48. In an action solely designed to intimidate and infringe upon the Plaintiffs DAVID ZIRPOLO, DAVID BANKS, DEMETRIUS HARPER, CLINTON STEWART, First Amendment Establishment, Free Exercise and Free Speech Clauses, and the relevant sections of the Civil Rights Act, *supra*, were forced to sign a receipt and consent form to personally receive and review the aforesaid DVDs.

49. Upon information and belief no other members of any other religious group or denomination were so required to sign such receipt and consent forms.

50. As of the date of this Complaint the aforesaid DVDs were never released to the named Plaintiffs, notwithstanding repeated requests made to the Chaplain, and by inference to the named Defendants herein.

51. In or around 2014, the Plaintiffs, DAVID ZIRPOLO, DAVID BANKS, DEMETRIUS HARPER, and CLINTON STEWART, explained to the then Warden John Oliver, the FCI Florence warden at that time, that the DVDs had been received and approved at the facility and Chaplain Henderson was in possession of them at the chapel but had not allowed them to view them after they all signed a release.

52. Warden Oliver said he did not care. Oliver said he would have his legal assistant, Carla Wilson, handle releasing the DVDs to the Plaintiffs, DAVID ZIRPOLO, DAVID BANKS, DEMETRIUS HARPER, and CLINTON STEWART.

53. The DVDs still have never been released, seen or reviewed by the Plaintiff inmates.

54. The Plaintiffs, DAVID ZIRPOLO, DAVID BANKS, DEMETRIUS HARPER, and CLINTON STEWART, requested to review the DVDs again and Chaplain Henderson informed them that the DVDs would remain in the chapel library for other inmates to review and that because Plaintiff BANKS is the son of Pastor Rose Banks, the pastor of Plaintiff COLORADO SPRINGS FELLOWSHIP CHURCH, he could come into a position of Power.

55. This was a false, malicious statement, with no basis in fact.  During the six years Plaintiff BANKS has been at the facility he has neither attained nor sought to attain a position of power or influence, and there is no evidence to the contrary.

56. Plaintiffs STEWART and HARPER are ordained ministers of Plaintiff COLORADO SPRINGS FELLOWSHIP CHURCH.

57. Plaintiff (Minister) HARPER presides over religious services and Bible study in the administrative camp occasionally.

58. Plaintiff (Minister) HARPER or Plaintiff (Minister) STEWART have neither attained nor sought to attain any position of power or influence at the facility, and any claim to the contrary

is false, malicious and made with only a desire to deny the Plaintiffs their statutory and consti-tutional rights.

59. Indeed, Chaplain Henderson asked Plaintiff HARPER if he could sit in at one of the Bible studies that he taught and at the end Chaplain Henderson expressed to HARPER that he enjoyed it.

60. There are also other inmates, prior to being incarcerated that have held positions of power and influence, such as football players, a tribal governor — Bruce Sanchez, and the head counselor of the Cree Nation — Mr. Sanchow, at the camp.  Yet, none of these persons have been denied their right to practice their religious faith nor denied the right to review their religious materials.

61. Plaintiff ZIRPOLO asked Chaplain Henderson if he would request to review a copy of a Catholic service would he permit him to do so.

62. Incredibly, in a blatant expression of religious preference, and a clear violation of the Establishment Clause, Chaplain Henderson told Plaintiff ZIRPOLO that he could review a Catholic service, even though he is not Catholic.

63. And, then even more incredibly, Chaplain Henderson, engaging in proselytizing actions, completely in disregard to his role as a Chaplain, employee of the Federal Bureau of Prisons, and directly reporting to the both the Administrator of the Federal Prison camp, and the Warden at FCI Florence, told Plaintiff ZIRPOLO that he should consider changing his faith to Protestant.

64. Plaintiff ZIRPOLO informed Chaplain Henderson that he did not follow the Protestant practices and that he was non-denominational Christian and a member of Plaintiff COLORADO SPRINGS FELLOWSHIP CHURCH and would continue to follow those beliefs and practices.

65. The named Defendants herein, acting through their deputized representative, the Chaplain at the Federal Correctional Complex, have been engaged in active and discriminatory behaviors as against the named Plaintiffs, DAVID ZIRPOLO, DAVID BANKS, DEMETRIUS HARPER, and CLINTON STEWART on the basis of religion or religious denomination.

66. The named Defendants, E. WILLIAMS, WARDEN FCI FLORENCE, N. MORSE, ADMINISTRATOR OF THE FEDERAL PRISON CAMP, FCI FLORIECE, CO., and HUGH HIRWITZ, ACTING DIRECTOR, FEDERAL BUREAU OF PRISONS are legally and administratively responsible for the actions of the Chaplain.

67. Further discriminatory conduct, on the part of the Defendants, was committed on or around January 2d, 2018.  Plaintiff COLORADO SPRINGS FELLOWSHIP CHURCH sent its annual Christmas DVD to its parishioners, Plaintiffs BANKS, HARPER, STEWART and ZIRPOLO.

68. Chaplain Henderson confirmed that he received the DVD but refused to release the DVD to the Plaintiff inmates.  Chaplain Henderson originally said he would allow the aforesaid Plaintiffs to review the DVD upon them signing a consent of release, as in 2013/2014, to allow other inmates access to review.  The Plaintiff inmates signed the releases.  Chaplain Henderson also placed another condition on the Plaintiffs that, after they reviewed the DVD, they would have to return the DVD to Plaintiff COLORADO SPRINGS FELLOWSHIP CHURCH or he could destroy it, but they were not allowed to keep it in their locker for review — a condition imposed on no other religious group or sect at the Federal Prison Camp.

69. Following this, the Plaintiff inmates sought legal counsel regarding the matter and said legal counsel, Attorney Lawson, wrote a letter on, January 8, 2018, to Chaplain Henderson, prior Warden Goetz, and contacted the Florence Bureau of Prisons Legal Staff, Christopher Synsvoll,

Supervisory Attorney, and Clay Cook, Senior Attorney, and contacted the Regional Office in Kansas City, MO, and spoke with Attorney Ms. Arnold.

70. On January 11, 2018, the Plaintiff inmates were retaliated against by Chaplain Henderson and were informed that they would not be permitted to review the DVD at all and it would be returned to Plaintiff COLORADO SPRINGS FELLOWSHIP CHURCH, with no reason provided.

71. On January 17, 2018, the Warden, without citing to any Bureau of Prisons regulation, directive, Program Statement, or other authority, denied the Plaintiff inmates review of the religious materials, specifically the Christmas services, and informed them that they had access to

> numerous Christmas resources at their disposal. There are numerous outside congregations and numerous religious groups connected with the inmate population and extending this type of approval would over extend the limited staff resources available to us. Requests from inmates wishing to have a video sent in will be approved on a case by case basis, for significant life events, e.g., funerals, weddings, and graduations.

72. The then Warden had no authority to dictate and tell the Plaintiff inmates how to practice and exercise their religious beliefs.

73. The then Warden had no authority to dictate and tell the Plaintiff inmates to review a different religious organization's videos to appease their beliefs and practices.

74. There is no staff at all that manages the videos and religious materials.

75. The materials are held in a locker of the various religious organizations.

76. Currently, there is a locker for the Buddhists to service the Buddhist inmates incarcerated at this facility.

77. The following religious organizations have received their videos and they are kept in the chapel,

a. Asatru (The Viking Religious Group) — have received for religious viewing on DVD, "The Vikings" Fictional TV Series from History Channel;

b. Native Americans — have several fictional movies on DVD — westerns, "Billy Jack" — that they use for religious viewing;

c. Nation of Islam — have preaching DVDs with Minster Farrakhan calling for the "rise up against the white man";

d. The Nation of Islam, Sunni Shia are provided rugs to pray on;

e. The Mormons have their Christmas services, several preaching services and their National Congress DVDs, including LDS Annual Congress Videos, and the Mormon Tabernacle Choir Christmases;

f. There are also several TD Jakes videos and other preachers in the chapel;

g. None of the religions are forced to worship together or are forced to practice or worship outside of their beliefs, for example, Protestants and Catholics do not worship together, Wiccans and Buddhists, or Mormons and Catholics, *etc*.,;

h. The Native Americans and Santeria have a sweat lodge and are provided firewood. They can smoke tobacco unsupervised;

i. Latter Day Saints (LDS) can watch their Christmas Services, Choir, National Congress, and any other Mormon celebrations at their discretion;

j. Evangelical Minister Joel Osteen DVDs.

78. A selection of DVDs and videos available to inmates at the Federal Prison Camp, includes, but is not limited to the following:

| | |
|---|---|
| It's Not Too Late - TD Jakes | Israel Birth of a Nation (2 Copies) |
| Keep Reaching - TD Jakes | Favor Ain't Fair - TD Jakes |
| Rags to Riches - TD Jakes | After The Storm - TD Jakes |
| Finding Freedom - TD Jakes | I'm Better Than This - TD Jakes |

FaithFood - TD Jakes (3 Copies)
Another Jesus - Roger Oakland
A Sit-down with Shaykh Ra Saadi Al
    (Islam)
Let The Truth Be Told (Islam)
The Time and What Must Be Done –
    Louis Farrahkan
Divine Instructions 2016 - Louis Farrahkan
Kingdom Man - Tony Evans
Surrendered (Movie)
Twisted Logic - Vescinda McDonald
Savior's Day - Louis Farrahkan
Ken Burns Presents The West
Day of Discovery - The Jewish Foundation
Chosen By God - RC Sproul
Search for Mount Sinai
What If... (Movie)
Facing Giants (Movie)
Miracle (Movie)
The Grace Card (Movie)
Fiddler on the Roof (Movie)
Great World Religions: Judaism
Great World Religions: Islam
Great World Religions: Christianity
Prince of Egypt (Movie)
Alters of the World: Buddhism, Hinduism
Islam: Africa America
Casablanca (Movie)
Leap of Faith (Movie)
Yentl (Movie)
Ancient Rome

Islam: Empire of Faith
Search for the Essential Meaning of Life –
    Manly Hall
The Fall of Pagans - Kenneth Harl
Love of Truth - Manly Hall
His last Words - Fulton Sheen
Value of a Soul - Billy Graham
What You Can Not live Without –
    Billy Graham (2 Copies)
Truth - Billy Graham
Angola Prison Revival - Tom Mahairas
Various Powwows (Multiple videos)
American Tribal People (5 Volumes)
Gathering of Nations (Multiple Years)
Vision Dance
Native Spirit
Intelligent Design
Do You Believe (Movie)
Merlin's Apprentice (Movie)
Noah (Movie)
Johnny (Movie)
Resurrection - Max Lucado
Star of Bethlehem - Rick Larson
Nature of the Holy land Part 1 and Part 2
Shaking Off Serpents - Joyce Meyer
WOW Gospel 2006
The Boy in the Stripped Pajamas (Movie)
Fredrick Douglas (Documentary)
Sing Along with Israel
Discovering Israel

79. Unlike the Plaintiff inmates here, there is a locker available for every other religious group to self-manage their religious materials and can watch and check out such religious materials at their discretion, without any such conditions or limitations as have been imposed upon the inmate members of the Plaintiff COLORADO SPRINGS FELLOWSHIP CHURCH.

80. The only group not allowed to self-manage their religious materials beliefs and practices are the Plaintiffs, DAVID ZIRPOLO, DAVID BANKS, DEMETRIUS HARPER, and CLINTON STEWART.

81. The Plaintiffs, DAVID ZIRPOLO, DAVID BANKS, DEMETRIUS HARPER, and CLINTON STEWART, have exhausted their Administrative Remedies, all of which have been denied without a legitimate reason being provided.

82. The Plaintiffs, DAVID ZIRPOLO, DAVID BANKS, DEMETRIUS HARPER, and CLINTON STEWART, are Christians and are being denied the freedom to exercise their religion and non-denominational beliefs and practices.   This is discriminatory and a violation of their religious rights pursuant to their constitutional First Amendment Establishment, Free Exercise and Free Speech rights, and violations of the Religious Freedom Restoration Act ("RFRA"), 42 U.S.C. §§ 2000bb through 2000bb-4, and Article II, Bill of Rights, §§ 4, 10 of the Colorado State Constitution.

83. Unlike the Church of Jesus Christ of the Latter Day Saints, the Nation of Islam, the Catholic Church, Muslims, and every other religious denomination, the named Defendants herein have denied the Plaintiff COLORADO SPRINGS FELLOWSHIP CHURCH, the right to minister to its members incarcerated under the custody and care of the named Defendants, and has been singled out solely and exclusively based upon its religious beliefs.

### AS AND FOR A FIRST CAUSE OF ACTION
Violation of the Plaintiffs — DAVID ZIRPOLO, DAVID BANKS,
DEMETRIUS HARPER, and CLINTON STEWART —
First Amendment Right Under the Free Exercise Clause

84. Plaintiffs DAVID ZIRPOLO, DAVID BANKS, DEMETRIUS HARPER, and CLINTON STEWART repeat and re-iterate ¶¶ 1 through 83, as if set forth herein, and incorporate herein all such facts and allegations as are relevant herein to this First Cause of Action.

85. The Free Exercise Clause mandates that prison authorities afford prisoners reasonable opportunities to exercise their sincerely held religious beliefs.  *O'Lone v. Estate of Shabazz,* 482

U.S. 342, 348 (1987).   A prison system may not substantially burden a prisoner's right of free exercise in the absence of a compelling governmental interest and must employ the least restrictive means necessary to further that interest.   *Werner v. McCotter*, 49 F.3d 1476, 1479 (10th Cir. 1995). Indeed, "only those interests of the highest order and those not otherwise served can overbalance legitimate claims to the free exercise of religion."   *Wisconsin v. Yoder,* 406 U.S. 205, 215 (1972). A plaintiff, however, need not hew to any particular religious orthodoxy; it is enough for the plaintiff to demonstrate that the government has interfered with the exercise or expression of his own deeply held faith.   *Thomas v. Review Bd. of the Ind. Employment Security Div.*, 450 U.S. 707, 714-16 (1981).

86. Inmates' free exercise rights are, however, subject to prison restrictions rationally related to legitimate penological interests.   *O'Lone, supra,* 482 U.S. at 349.

87. In determining whether a restriction is rationally related to a legitimate interest, there are several factors to be considered.   *O'Lone, supra,* 482 U.S. at 350.   First, is whether there is a logical connection between the prison regulation and the asserted penological interest.   *Ibid.; Turner v. Safley,* 482 U.S. 78, 89-91 (1987).   Secondly, is whether alternative means of exercising the religious right in question remain open to inmates.   *Turner, supra,* 482 U.S. at 90.   Thirdly, an assessment must be made as to the impact the accommodation of the right in question would have on guards, other inmates, and on the allocation of prison resources.   *Ibid.*   And, finally, is whether any policy alternatives exist that would accommodate the right in question at a *de minimis* cost to the prison.   *Turner, supra*, 482 U.S. at 91.   In accord see *Fogle v. Pierson*, 435 F.3d 1252, 1264 (10th Cir. 2006); *Wares v. Simmons*, 392 F.3d 1141, 1143 (10th Cir. 2004).

88. Defendants E. WILLIAMS, WARDEN FCI FLORENCE, N. MORSE, ADMINISTRATOR OF THE FEDERAL PRISON CAMP, FCI FLORENCE, CO., and HUGH

HIRWITZ, ACTING DIRECTOR, FEDERAL BUREAU OF PRISONS, have frustrated and restricted the named Plaintiffs, DAVID ZIRPOLO, DAVID BANKS, DEMETRIUS HARPER, and CLINTON STEWART, in their Free Exercise by denying them access to religious literature prepared and distributed, especially for them, by the Plaintiff COLORADO SPRINGS FELLOWSHIP CHURCH, a non-denominational church to which all the named Plaintiff inmates have been members for decades..

89. The aforementioned Defendants have failed to enumerate any policy, regulation, rule, or statute, that would preclude the distribution of the subject religious DVDS to them.

90. As such, the named Defendants, E. WILLIAMS, WARDEN FCI FLORENCE, N. MORSE, ADMINISTRATOR OF THE FEDERAL PRISON CAMP, FCI FLORENCE, CO., and HUGH HIRWITZ, ACTING DIRECTOR, FEDERAL BUREAU OF PRISONS, have violated the constitutional rights of the named Plaintiffs, DAVID ZIRPOLO, DAVID BANKS, DEMETRIUS HARPER, and CLINTON STEWART, under the provisions of the Free Exercise Clause of the First Amendment, and are liable to them, individually and severally, in a sum of monetary damages to be determined at trial, and the appropriate award of attorney fees and costs.

### AS AND FOR A SECOND CAUSE OF ACTION
Violation of the Plaintiffs — DAVID ZIRPOLO, DAVID BANKS,
DEMETRIUS HARPER, and CLINTON STEWART —
First Amendment Right Under the Establishment Clause

91. Plaintiffs DAVID ZIRPOLO, DAVID BANKS, DEMETRIUS HARPER, and CLINTON STEWART repeat and re-iterate ¶¶ 1 through 90, as if set forth herein, and incorporate herein all such facts and allegations as are relevant herein to this Second Cause of Action.

92. The "Government in our democracy, state and national, must be neutral in matters of religious theory, doctrine, and practice.  It may not be hostile to any religion or to the advocacy of no religion; and it may not aid, foster, or promote one religion or religious theory against another

or even against the militant opposite.  First Amendment mandates governmental neutrality between religion and religion, and between religion and nonreligion." *Epperson v. Arkansas*, 393 U.S. 97, 103-04 (1968) (Emphasis added.).

93. As set forth above, the named Defendants have provided to inmates at the Federal Prison Camp, religious materials from the Church of Jesus Christ, Latter Day Saints, Jewish materials, Islamic materials, Catholic Materials, numerous evangelical preachers including T.D. Jakes, Joel Osteen, RC Sproul, and Tony Evans.

94. It is only material provided by the Plaintiff, COLORADO SPRINGS FELLOWSHIP CHURCH, that has been singled out for refusal to be provided to the named Plaintiffs (along with any other inmate so inclined to view them).  "The clearest command of the Establishment Clause, is that one religious denomination cannot be officially preferred over another." *Larson v. Valente*, 456 U.S. 228, 244 (1982).

95. This action constitutes an unconstitutional promotion of one or more religions over that of the named Plaintiffs.  It is, as the Supreme Court has stated, precluded by the "Establishment Clause's core principal of denominational neutrality." *Dunn v. Ray*, — U.S. —, 139 S. Ct. 661, 662 (2019).

96. This constitutes a direct, knowing and intentional violation of the named Plaintiffs' First Amendment Rights, specifically a violation of the Establishment Clause.

97. As such, the named Defendants, E. WILLIAMS, WARDEN FCI FLORENCE, N. MORSE, ADMINISTRATOR OF THE FEDERAL PRISON CAMP, FCI FLORENCE, CO., and HUGH HIRWITZ, ACTING DIRECTOR, FEDERAL BUREAU OF PRISONS, have violated the constitutional rights of the named Plaintiffs, DAVID ZIRPOLO, DAVID BANKS, DEMETRIUS HARPER, and CLINTON STEWART, under the provisions of the Establishment Clause of the

First Amendment, and are liable to them, individually and severally, in a sum of monetary damages to be determined at trial, and the appropriate award of attorney fees and costs.

## AS AND FOR A THIRD CAUSE OF ACTION
Violation of the Plaintiffs — DAVID ZIRPOLO, DAVID BANKS,
DEMETRIUS HARPER, and CLINTON STEWART —
First Amendment Right Under the Free Speech Clause

98. Plaintiffs DAVID ZIRPOLO, DAVID BANKS, DEMETRIUS HARPER, and CLINTON STEWART repeat and re-iterate ¶¶ 1 through 97, as if set forth herein, and incorporate herein all such facts and allegations as are relevant herein to this Third Cause of Action.

100. In *Obergefell v. Hodges*, — U.S. —, 135 S. Ct. 2584 (2015), the Supreme Court stated,

> The First Amendment ensures that religious organizations and persons are given proper protection as they seek to teach the principles that are so fulfilling and so central to their lives and faiths, and to their own deep aspirations to continue the family structure they have long revered.

135 S. Ct. at 2607.

101. By denying the named Plaintiff inmates the right to have access to the subject DVDs, and worship under the religious precepts, teachings and beliefs of the Plaintiff COLORADO SPRINGS FELLOWSHIP CHURCH, the named Defendants have knowingly, intentionally, willfully, and willfully interfered with the First Amendment Free Speech rights of the Plaintiffs DAVID ZIRPOLO, DAVID BANKS, DEMETRIUS HARPER, and CLINTON STEWART.

102. The aforementioned DVDs, and access to them, constitute private religious speech, protected under the Free Speech Clause of the First Amendment, and absent a compelling governmental interest, such interference by the named Defendants cannot be excused.

103. As such, the named Defendants, E. WILLIAMS, WARDEN FCI FLORENCE, N. MORSE, ADMINISTRATOR OF THE FEDERAL PRISON CAMP, FCI FLORENCE, CO., and HUGH HIRWITZ, ACTING DIRECTOR, FEDERAL BUREAU OF PRISONS, have violated the

constitutional rights of the named Plaintiffs, DAVID ZIRPOLO, DAVID BANKS, DEMETRIUS HARPER, and CLINTON STEWART, under the provisions of the Free Speech Clause of the First Amendment, and are liable to them, individually and severally, in a sum of monetary damages to be determined at trial, and the appropriate award of attorney fees and costs.

## AS AND FOR A FOURTH CAUSE OF ACTION
Violation of the Plaintiff — COLORADO SPRINGS FELLOWSHIP CHURCH —
First Amendment Right Under the Free Speech Clause

104. Plaintiff COLORADO SPRINGS FELLOWSHIP CHURCH repeats and re-iterates ¶¶ 1 through 103, as if set forth herein, and incorporate herein all such facts and allegations as are relevant herein to this Fourth Cause of Action.

105. In *Obergefell v. Hodges*, — U.S. —, 135 S. Ct. 2584 (2015), the Supreme Court stated,

> The First Amendment ensures that religious organizations and persons are given proper protection as they seek to teach the principles that are so fulfilling and so central to their lives and faiths, and to their own deep aspirations to continue the family structure they have long revered.

135 S. Ct. at 2607.

106. The actions of the Defendants herein, in interfering with the religious rights of Plaintiff COLORADO SPRINGS FELLOWSHIP CHURCH, and said Plaintiff's interest in engaging in their activities of teaching, preaching, and proselytizing to their members, is protected religious speech under the Free Speech Clause of the First Amendment to the Constitution.

107. No compelling governmental interest has been shown, claimed, or demonstrated by the Defendants in their denial of the Plaintiff's First Amendment right to distribute the aforementioned DVDs.

108. The aforementioned DVDs, and access to them, constitute private religious speech, protected under the Free Speech Clause of the First Amendment.

109. As such, the named Defendants, E. WILLIAMS, WARDEN FCI FLORENCE, N. MORSE, ADMINISTRATOR OF THE FEDERAL PRISON CAMP, FCI FLORENCE, CO., and HUGH HIRWITZ, ACTING DIRECTOR, FEDERAL BUREAU OF PRISONS, have violated the constitutional rights of the named Plaintiff, COLORADO SPRINGS FELLOWSHIP CHURCH, under the provisions of the Free Speech Clause of the First Amendment, and are liable to them, individually and severally, in a sum of monetary damages to be determined at trial, and the appropriate award of attorney fees and costs.

### AS AND FOR A FIFTH CAUSE OF ACTION
Violation of the Plaintiff — COLORADO SPRINGS FELLOWSHIP CHURCH — First Amendment Right Under the Establishment Clause

110. Plaintiff COLORADO SPRINGS FELLOWSHIP CHURCH repeats and re-iterates ¶¶ 1 through 109, as if set forth herein, and incorporate herein all such facts and allegations as are relevant herein to this Fifth Cause of Action.

111. The "Government in our democracy, state and national, must be neutral in matters of religious theory, doctrine, and practice.  It may not be hostile to any religion or to the advocacy of no religion; and it may not aid, foster, or promote one religion or religious theory against another or even against the militant opposite.  First Amendment mandates governmental neutrality between religion and religion, and between religion and nonreligion." *Epperson v. Arkansas*, 393 U.S. 97, 103-04 (1968) (Emphasis added.).

112. As set forth above, the named Defendants have provided to inmates at the Federal Prison Camp, religious materials from the Church of Jesus Christ, Latter Day Saints, Jewish materials, Islamic materials, Catholic Materials, numerous evangelical preachers including T.D. Jakes, Joel Osteen, RC Sproul, and Tony Evans, among others.

113. It is only material provided by the Plaintiff, COLORADO SPRINGS FELLOWSHIP CHURCH, that has been singled out for refusal to be provided to the named Plaintiffs (along with any other inmate so inclined to view them).  "The clearest command of the Establishment Clause, is that one religious denomination cannot be officially preferred over another." *Larson v. Valente*, 456 U.S. 228, 244 (1982).

114. This action constitutes an unconstitutional promotion of one or more religions over that of the named Plaintiff, COLORADO SPRINGS FELLOWSHIP CHURCH.  It is, as the Supreme Court has stated, precluded by the "Establishment Clause's core principal of denominational neutrality." *Dunn v. Ray*, — U.S. —, 139 S. Ct. 661, 662 (2019).

115. This constitutes a direct, knowing and intentional violation of the named Plaintiff's First Amendment Rights, specifically the Establishment Clause.

116. As such, the named Defendants, E. WILLIAMS, WARDEN FCI FLORENCE, N. MORSE, ADMINISTRATOR OF THE FEDERAL PRISON CAMP, FCI FLORENCE, CO., and HUGH HIRWITZ, ACTING DIRECTOR, FEDERAL BUREAU OF PRISONS, have violated the constitutional rights of the named Plaintiff, COLORADO SPRINGS FELLOWSHIP CHURCH, under the provisions of the Establishment Clause of the First Amendment, and are liable to them, individually and severally, in a sum of monetary damages to be determined at trial, and the appropriate award of attorney fees and costs.

**AS AND FOR A SIXTH CAUSE OF ACTION**
Violation of the Plaintiffs — DAVID ZIRPOLO, DAVID BANKS,
DEMETRIUS HARPER, and CLINTON STEWART —
Rights Under the Religious Freedom Restoration Act,
42 U.S.C. § 2000bb *et seq.*

117. Plaintiffs DAVID ZIRPOLO, DAVID BANKS, DEMETRIUS HARPER, and

CLINTON STEWART repeat and re-iterate ¶¶ 1 through 116, as if set forth herein, and

incorporate herein all such facts and allegations as are relevant herein to this Sixth Cause of

Action.

118. The Religious Freedom Restoration Act forbids federal institutions, from substantially

burdening religious exercise absent exigent circumstances.  42 U.S.C. § 2000bb-1(a); 42 U.S.C. §

2000bb-3(c).  The statute is as applicable to inmates in federal correctional institutions, as it is to

any other entity subject to its jurisdiction.  *O'Bryan v. Bureau of Prisons*, 349 F.3d 399, 401 (7th

Cir. 2003).  Within the meaning of the statute, the right to free exercise is "substantially burdened"

where the Government has "put[s] substantial pressure on an adherent to modify his behavior and

to violate his beliefs."  *Jolly v. Coughlin*, 76 F.3d 768, 477 (2d Cir. 1996), quoting *Thomas v.

Review Bd., supra,* 450 U.S. at 718.  When a prison denies an inmate the right to practice his

religion, it imposes a substantial burden on the inmate's ability to freely exercise his right to

freedom of religion, as protected by Section 2000bb *et seq.*  See generally *Kikumura v. Hurley*,

242 F.3d 950, 960-62 (10th Cir. 2001).

119. A plaintiff establishes a *prima facie* claim under the Religious Freedom Restoration

Act by proving the following three elements:

(1) a substantial burden imposed by the federal government on a

(2) sincere

(3) exercise of religion.

*See Werner v. McCotter,* 49 F.3d 1476, 1479 n. 1 (10th Cir. 1995).

120. Under the amended Religious Freedom Restoration Act, "exercise of religion" has been expanded beyond its definition under the Free Exercise Clause of the First Amendment. See *Hankins v. Lyght*, 441 F.3d 96, 107 (2d Cir. 2006). It now means "religious exercise, as defined in [42 U.S.C. §] 2000cc-5." See 42 U.S.C. § 2000bb-2(4). "[R]eligious exercise" is defined in 42 U.S.C. § 2000cc-5(7)(A) to include "any exercise of religion, whether or not compelled by, or central to, a system of religious belief."

121. Thus, free exercise protected under the Religious Freedom Restoration Act will include both mandatory and non-mandatory behavior set forth by a religious sect or group, as long as it is a part of that sect's or group's exercise of its religious beliefs. As long as the subject activity is a "sincere exercise of religion", the federal defendant may not do anything to circumscribe or otherwise interfere with its practice. *O Centro Espirita Beneficiente Uniao v. Ashcroft*, 342 F.3d 1170, 1173 (10th Cir. 2003).

122. The named Defendants herein, E. WILLIAMS, WARDEN FCI FLORENCE, N. MORSE, ADMINISTRATOR OF THE FEDERAL PRISON CAMP, FCI FLORENCE, CO., and HUGH HIRWITZ, ACTING DIRECTOR, FEDERAL BUREAU OF PRISONS, and their designated agents, have knowingly and intentionally denied the Plaintiff inmates the free exercise contemplated under the Religious Freedom Restoration Act by either denying them access to their religious materials, imposing unreasonable and inexcusable burdens on their access to the subject religious materials, or otherwise interfering with their religious beliefs as set forth herein.

123. As such, the named Defendants, E. WILLIAMS, WARDEN FCI FLORENCE, N. MORSE, ADMINISTRATOR OF THE FEDERAL PRISON CAMP, FCI FLORENCE, CO., and HUGH HIRWITZ, ACTING DIRECTOR, FEDERAL BUREAU OF PRISONS, have violated the

Civil Rights of the named Plaintiffs, DAVID ZIRPOLO, DAVID BANKS, DEMETRIUS HARPER, and CLINTON STEWART, under the provisions of the Religious Freedom Restoration Act, and are liable to them, individually and severally, in a sum of monetary damages to be determined at trial. *Tanzir v. Tanzin*, 894 F.3d 449, 462 (2d Cir. 2018). And, the appropriate award of attorney fees and costs under the Civil Rights Act. 42 U.S.C. § 1988(b); *Jasma v. Esmor Correctional Servs., Inc.*, 577 F.3d 169, 171 (3rd Cir. 2009).

## AS AND FOR A SEVENTH CAUSE OF ACTION
Violation of the Plaintiff — COLORADO SPRINGS FELLOWSHIP CHURCH —
Rights Under the Religious Freedom Restoration Act, 42 U.S.C. § 2000bb *et seq.*

124. Plaintiff COLORADO SPRINGS FELLOWSHIP CHURCH repeats and re-iterates ¶¶ 1 through 123, as if set forth herein, and incorporates, herein, all such facts and allegations as are relevant herein to this Seventh Cause of Action.

125. The Religious Freedom Restoration Act ("RFRA") forbids federal institutions, from substantially burdening religious exercise absent exigent circumstances. 42 U.S.C. § 2000bb-1(a); 42 U.S.C. § 2000bb-3(c). The RFRA is applicable to both inmates and the providers of religious materials and ministrations in federal correctional institutions. *O'Bryan v. Bureau of Prisons*, 349 F.3d 399, 401 (7th Cir. 2003). Within the meaning of the statute, the right to free exercise is "substantially burdened" where the Government "put[s] substantial pressure on an adherent to modify his behavior and to violate his beliefs." *Jolly v. Coughlin*, 76 F.3d 768, 477 (2d Cir. 1996), quoting *Thomas v. Review Bd., supra,* 450 U.S. at 718. When a prison denies an inmate the right to practice his religion, it imposes a substantial burden on the inmate's ability to freely exercise his right to freedom of religion, as protected by Section 2000bb *et seq.* See generally *Kikumura v. Hurley*, 242 F.3d 950, 960-62 (10th Cir. 2001).

126. A plaintiff establishes a prima facie claim under the Religious Freedom Restoration Act by proving the following three elements:

(1) a substantial burden imposed by the federal government on a

(2) sincere

(3) exercise of religion.

*See Werner v. McCotter,* 49 F.3d 1476, 1479 n. 1 (10th Cir. 1995).

127. Under the amended Religious Freedom Restoration Act, "exercise of religion" has been expanded beyond its definition under the Free Exercise of the First Amendment.  It now means "religious exercise, as defined in [42 U.S.C. §] 2000cc-5."  See 42 U.S.C. § 2000bb-2(4). "[R]eligious exercise" is defined in 42 U.S.C. § 2000cc-5(7)(A) to include "any exercise of religion, whether or not compelled by, or central to, a system of religious belief."

128. Likewise, a reciprocal "substantial burden" is imposed on the religious entity, here that being the Plaintiff, COLORADO SPRINGS FELLOWSHIP CHURCH, that is so denied the ability to minister to its congregants while in federal custody — either through the presence of a minister or the distribution of religious materials.  Compare *Muhammad v. City of N.Y. Dep't of Corrections*, 904 F. Supp. 161, 192 (S.D.N.Y. 1995).

129. Refusal by the named Defendants to permit the Plaintiff COLORADO SPRINGS FELLOWSHIP CHURCH to provide its religious materials to the FCI, for use by its church members (or anyone else for that matter), is a clear violation by the named Defendants of the Plaintiff COLORADO SPRINGS FELLOWSHIP CHURCH's rights under the amended Religious Freedom Restoration Act.

130. To justify this substantial burden, the prison must offer a compelling reason and must also show that no less restrictive means are feasible.  "[N]o longer can prison officials justify restrictions on religious exercise by simply citing the need to maintain order and security . . ."

*Greene v. Solano County Jail*, 513 F.3d 982, 989-90 (9th Cir. 2008) (citing to the Religious Land Use and Institutionalized Persons Act).

131. To sustain their actions, the Defendants must demonstrate that they have considered and then rejected any less restrictive means, other than the outright banning of the Plaintiff's DVDs. *Burwell v. Hobby Lobby Stores, Inc.,* 573 U.S. 682, 729-30 (2014).  They have failed to do this.

132. The named Defendants, beyond any malicious, intentional desire to single out for special discriminatory treatment designed to restrict the actions of the Plaintiff COLORADO SPRINGS FELLOWSHIP CHURCH, have provided no justifiable reason, under the Religious Freedom Restoration Act, to refuse to permit the institution to maintain the Plaintiff Church's religious DVDs in the prison chapel library.

133. As such, the named Defendants, E. WILLIAMS, WARDEN FCI FLORENCE, N. MORSE, ADMINISTRATOR OF THE FEDERAL PRISON CAMP, FCI FLORENCE, CO., and HUGH HIRWITZ, ACTING DIRECTOR, FEDERAL BUREAU OF PRISONS, have violated the Civil Rights of the named Plaintiff, COLORADO SPRINGS FELLOWSHIP CUURCH, under the provisions of the Religious Freedom Restoration Act, are liable to the Plaintiff, individually and severally, in a sum of monetary damages to be determined at trial. *Tanzir v. Tanzin*, 894 F.3d 449, 462 (2d Cir. 2018); *Lepp v. Gonzales*, 2005 WL 1867723 at *8 (N.D. Cal. 2005).  And, the appropriate award of attorney fees and costs, under the Civil Rights Act.  42 U.S.C. § 1988(b); *Jasma v. Esmor Correctional Servs., Inc.*, 577 F.3d 169, 171 (3rd Cir. 2009).

## AS AND FOR AN EIGHTH CAUSE OF ACTION

Violation of the Plaintiffs — DAVID ZIRPOLO, DAVID BANKS,
DEMETRIUS HARPER, and CLINTON STEWART —
Rights Under the Religious Freedom Restoration Act,
42 U.S.C. § 2000bb *et seq*.

134.  Plaintiffs DAVID ZIRPOLO, DAVID BANKS, DEMETRIUS HARPER, and

CLINTON STEWART repeat and re-iterate ¶¶ 1 through 133, as if set forth herein, and incorporate

herein all such facts and allegations as are relevant herein to this Eighth Cause of Action.

135.  The Defendants have permitted all the other religious groups practice to their religious

beliefs and have treated the Plaintiffs differently on the basis of their religion or religious

denomination, in violation of RFRA, 42 U.S.C. § 2000bb-1(a).  See *supra*.

136.  The Defendants have permitted other religious groups access to their programs and

activities.

137.  The Defendants have denied the Plaintiff inmates access to their services and

programs on Plaintiff COLORADO SPRINGS FELLOWSHIP CHURCH provided DVDs.

138.  The Defendants denial of the Plaintiffs' right to free exercise of their religious

practices and beliefs constitutes a substantial burden on the Plaintiffs religious exercise. Such

denial is not the least restrictive means to serve a compelling government interests. Defendants

denial of access to their programs and activities violates RFRA, and constitutes discriminatory

conduct based solely and exclusively upon the religious beliefs of the Plaintiff inmates, and is

actionable, as such, under the Religious Freedom Restoration Act.  42 U.S.C. § 2000bb-1.

139.  As such, the named Defendants, E. WILLIAMS, WARDEN FCI FLORENCE, N.

MORSE, ADMINISTRATOR OF THE FEDERAL PRISON CAMP, FCI FLORENCE, CO., and

HUGH HIRWITZ, ACTING DIRECTOR, FEDERAL BUREAU OF PRISONS, have violated the

Civil Rights of the named Plaintiffs, DAVID ZIRPOLO, DAVID BANKS, DEMETRIUS

HARPER, and CLINTON STEWART, under the provisions of the Religious Freedom Restoration Act, and are liable to them, individually and severally, in a sum of monetary damages to be determined at trial. *Tanzir v. Tanzin*, 894 F.3d 449, 462 (2d Cir. 2018). And, the appropriate award of attorney fees and costs. 42 U.S.C. § 1988(b); *Jasma v. Esmor Correctional Servs., Inc.*, 577 F.3d 169, 171 (3rd Cir. 2009).

### AS AND FOR A NINTH CAUSE OF ACTION
Violation of the Plaintiffs — DAVID ZIRPOLO, DAVID BANKS,
DEMETRIUS HARPER, and CLINTON STEWART —
Rights Under Article II, Bill of Rights, § 4 of the Colorado State Constitution

140. Plaintiffs DAVID ZIRPOLO, DAVID BANKS, DEMETRIUS HARPER, and CLINTON STEWART repeat and re-iterate ¶¶ 1 through 139, as if set forth herein, and incorporate herein all such facts and allegations as are relevant herein to this Ninth Cause of Action.

141. By its policies and procedures and practices, the aforementioned Defendants violated the rights of the Plaintiffs, inmates resident in the State of Colorado, and citizens and residents of the State of Colorado as guaranteed by Article Two, Section Four of the Colorado State Constitution, *viz.*, the right to free exercise of their religious beliefs.

142. Defendants E. WILLIAMS, WARDEN FCI FLORENCE, N. MORSE, ADMINISTRATOR OF THE FEDERAL PRISON CAMP, FCI FLORENCE, CO., and HUGH HIRWITZ, ACTING DIRECTOR, FEDERAL BUREAU OF PRISONS, have frustrated and restricted the named Plaintiffs, DAVID ZIRPOLO, DAVID BANKS, DEMETRIUS HARPER, and CLINTON STEWART, in their Free Exercise by denying them access to religious literature prepared and distributed, especially for them, by the Plaintiff COLORADO SPRINGS FELLOWSHIP CHURCH.

143. The aforementioned Defendants have failed to enumerate any policy, regulation, rule, or statute, that would preclude the distribution of the subject religious DVDs to them.

144. As such, the named Defendants, E. WILLIAMS, WARDEN FCI FLORENCE, N. MORSE, ADMINISTRATOR OF THE FEDERAL PRISON CAMP, FCI FLORENCE, CO., and HUGH HIRWITZ, ACTING DIRECTOR, FEDERAL BUREAU OF PRISONS, have violated the constitutional rights of the named Plaintiffs, DAVID ZIRPOLO, DAVID BANKS, DEMETRIUS HARPER, and CLINTON STEWART, under the provisions of Article II, Bill of Rights, § 4, of the Colorado State Constitution, and are liable to them, individually and severally, in a sum of monetary damages to be determined at trial, and the appropriate award of attorney fees and costs.

### AS AND FOR A TENTH CAUSE OF ACTION
Violation of the Plaintiffs — DAVID ZIRPOLO, DAVID BANKS,
DEMETRIUS HARPER, and CLINTON STEWART —
Rights Under Article II, Bill of Rights, § 10 of the Colorado State Constitution

145. Plaintiffs DAVID ZIRPOLO, DAVID BANKS, DEMETRIUS HARPER, and CLINTON STEWART repeat and re-iterate ¶¶ 1 through 144, as if set forth herein, and incorporate herein all such facts and allegations as are relevant herein to this Tenth Cause of Action.

146. By its policies and procedures and practices, the aforementioned Defendants violated the rights of the Plaintiffs, inmates resident in the State of Colorado, and citizens and residents of the State of Colorado as guaranteed by Article Two, Section Ten of the Colorado State Constitution, *viz.*, the right to "be free to speak, write or publish whatever he will on any subject."

147. In *Obergefell v. Hodges*, — U.S. —, 135 S. Ct. 2584 (2015), the Supreme Court stated,

The First Amendment ensures that religious organizations and persons are given proper protection as they seek to teach the principles that are so fulfilling and so central to their lives and faiths, and to their own deep aspirations to continue the family structure they have long revered.

135 S. Ct. at 2607.

148. By denying the named Plaintiff inmates the right to have access to the subject DVDs, and worship under the religious precepts, teachings and beliefs of the Plaintiff COLORADO SPRINGS FELLOWSHIP CHURCH, the named Defendants have knowingly, intentionally,

willfully, and willfully interfered with the rights preserved by the Free Speech Clause of the Colorado State Constitution of the Plaintiffs DAVID ZIRPOLO, DAVID BANKS, DEMETRIUS HARPER, and CLINTON STEWART.

149. The aforementioned DVDs, and access to them, constitute private religious speech, protected under the Free Speech Clause of the Colorado State Constitution, and absent a compelling governmental interest, such interference by the named Defendants cannot be excused.

150. As such, the named Defendants, E. WILLIAMS, WARDEN FCI FLORENCE, N. MORSE, ADMINISTRATOR OF THE FEDERAL PRISON CAMP, FCI FLORENCE, CO., and HUGH HIRWITZ, ACTING DIRECTOR, FEDERAL BUREAU OF PRISONS, have violated the constitutional rights of the named Plaintiffs, DAVID ZIRPOLO, DAVID BANKS, DEMETRIUS HARPER, and CLINTON STEWART, under the provisions of the Free Speech Clause of the Colorado State Constitution, and are liable to them, individually and severally, in a sum of monetary damages to be determined at trial, and the appropriate award of attorney fees and costs.

### AS AND FOR AN ELEVENTH CAUSE OF ACTION
Violation of the Plaintiff — COLORADO SPRINGS FELLOWSHIP CHURCH —
Rights Under Article II, Bill of Rights, § 4 of the Colorado State Constitution

151. Plaintiff COLORADO SPRINGS FELLOWSHIP CHURCH repeats and re-iterates ¶¶ 1 through 150, as if set forth herein, and incorporate herein all such facts and allegations as are relevant herein to this Eleventh Cause of Action.

152. By its policies and procedures and practices, the aforementioned Defendants violated the rights of the Plaintiff, a duly authorized church, operating in and for the County of El Paso, State of Colorado, and ministered by Rose Banks, a resident and citizen of the State of Colorado, as guaranteed by Article Two, Section Four of the Colorado State Constitution, *viz.*, the right to free exercise of their religious beliefs.

153. Defendants E. WILLIAMS, WARDEN FCI FLORENCE, N. MORSE, ADMINISTRATOR OF THE FEDERAL PRISON CAMP, FCI FLORENCE, CO., and HUGH HIRWITZ, ACTING DIRECTOR, FEDERAL BUREAU OF PRISONS, have frustrated and restricted the named Plaintiff, COLORADO SPRINGS FELLOWSHIP CHURCH, in its Free Exercise by denying it the right to distribute religious literature to its members and congregants.

154. The aforementioned Defendants have failed to enumerate any policy, regulation, rule, or statute, that would preclude the distribution of the subject religious DVDs to them.

155. As such, the named Defendants, E. WILLIAMS, WARDEN FCI FLORENCE, N. MORSE, ADMINISTRATOR OF THE FEDERAL PRISON CAMP, FCI FLORENCE, CO., and HUGH HIRWITZ, ACTING DIRECTOR, FEDERAL BUREAU OF PRISONS, have violated the state constitutional rights of the named Plaintiff, COLORADO SPRINGS FELLOWSHIP CHURCH, under the provisions of the Free Exercise Clause of the Constitution of the State of Colorado (Bill of Rights § 4), and are liable to them, individually and severally, in a sum of monetary damages to be determined at trial, and the appropriate award of attorney fees and costs.

WHEREFORE, Plaintiffs, DAVID ZIRPOLO, DAVID BANKS, DEMETRIUS HARPER, CLINTON STEWART, and COLORADO SPRINGS FELLOWSHIP CHURCH, by and through their attorney of record, respectfully request judgment as follows,

(a) In favor of Plaintiffs and against Defendants;

(b) Order Defendants, their officers, agents, employees, subordinates, successors in office and all those acting in concert or participation therewith to provide the Plaintiffs, DAVID ZIRPOLO, DAVID BANKS, DEMETRIUS HARPER, and CLINTON STEWART, in their custody and control their religious materials and the freedom to exercise their religious beliefs and practices;

(c) Order Defendants to cease all interference with the distribution of religious materials of the named Plaintiff, COLORADO SPRINGS FELLOWSHIP CHURCH, to the inmates at the Federal Correctional Institution, located at Florence, CO, all parts thereof, including, but not limited to the Federal Prison Camp;

(d) Declare that Defendants have violated the Religious Freedom Restoration Act, 42 U.S. Code §§ 2000bb(a)(3)-(b)(2), 2000bb–1(a) and 1(c), 2000bb(2) thru 2000bb–4, by failing to provide the Plaintiffs with their religious materials, denying them access to their religious materials and denying them their freedom to exercise their religious beliefs and practices;

(e) Declaring that Defendants have violated the First Amendment Establishment Clause, as applied to the Plaintiffs, DAVID ZIRPOLO, DAVID BANKS, DEMETRIUS HARPER, and CLINTON STEWART, by denying them access to their religious materials as set forth herein;

(f) Declaring that Defendants have violated the First Amendment Free Exercise Clause, as applied to the Plaintiffs, DAVID ZIRPOLO, DAVID BANKS, DEMETRIUS HARPER, and CLINTON STEWART, by denying them access to their religious materials as set forth herein;

(g) Declaring that Defendants have violated the First Amendment Establishment Clause, as applied to the Plaintiff, COLORADO SPRINGS FELLOWSHIP CHURCH, by denying them permission to distribute to their former congregants, Plaintiffs DAVID ZIRPOLO, DAVID BANKS, DEMETRIUS HARPER, and CLINTON STEWART, their religious literature;

(h) Declaring that Defendants have violated the First Amendment Free Exercise Clause, as applied to the Plaintiffs, DAVID ZIRPOLO, DAVID BANKS, DEMETRIUS HARPER, and CLINTON STEWART, by denying them access to their religious materials as set forth herein;

(i) Declaring that Defendants have violated the First Amendment Free Speech Clause, as applied to the Plaintiffs, DAVID ZIRPOLO, DAVID BANKS, DEMETRIUS HARPER, and CLINTON STEWART, by denying them access to their religious materials as set forth herein;

(j) Declaring that Defendants have violated the First Amendment Free Speech Clause, as applied to the Plaintiff, COLORADO SPRINGS FELLOWS CHURCH, by denying them the right to distribute religious material to their members and congregants, as set forth herein;

(k) Declaring that the Defendants have violated the Free Speech Clause of the Colorado State Constitution, as applied to the Plaintiffs, DAVID ZIRPOLO, DAVID BANKS, DEMETRIUS HARPER, and CLINTON STEWART, by denying them access to their religious materials as set forth herein;

(l) Declaring that the Defendants have violated the Free Exercise Clause of the Colorado State Constitution, as applied to the Plaintiffs, DAVID ZIRPOLO, DAVID BANKS, DEMETRIUS HARPER, and CLINTON STEWART, by denying them access to their religious materials as set forth herein;

(m) Declaring that the Declaring that Defendants have violated the Free Exercise Clause of the Colorado State Constitution, as applied to the Plaintiff, COLORADO SPRINGS

FELLOWSHIP CHURCH, by denying it permission to lawfully distribute its religious material to its members and congregants;

(n) Take such actions as may be necessary to prevent the recurrence of such unlawful conduct in the future, including but not limited to, providing RFRA training to the Warden, Chaplain and affiliated officers, and agents at this facility, establishing procedures to address complaints of RFRA violations, and maintaining records and submitting reports relating to RFRA compliance;

(o) Award to the named Plaintiffs herein, DAVID ZIRPOLO, DAVID BANKS, DEMETRIUS HARPER, CLINTON STEWART, and COLORADO SPRINGS FELLOWSHIP CHURCH an amount of damages to be determined at trial, plus costs;

(p) pre-judgment and post-judgment interest;

(q) Attorney fees, and costs and disbursements, as set forth under 42 U.S.C. § 1988; and,

(r) for such other and further relief as this Court shall deem just, proper and equitable.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury on all issues.  F.R.Civ.P. Rule 38.

Plaintiffs DAVID ZIRPOLO, DAVID BANKS, DEMETRIUS HARPER, CLINTON STEWART, and COLORADO SPRINGS FELLOWSHIP CHURCH,

By their Attorney:
LAW OFFICE OF BERNARD V. KLEINMAN, PLLC

By /s/ *Bernard V. Kleinman*
Bernard V. Kleinman, Esq.
108 Village Square
Suite 313
Somers, NY 10589-2305
Tel. 914.644.6660
Fax 914.694.1647
*attrnylwyr@yahoo.com*

Dated: July 13, 2019