IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 19–cv–02024–WJM–KMT

COLORADO SPRINGS FELLOWSHIP CHURCH,

    Plaintiff,

v.

E. WILLIAMS, Warden FCI Florence,
HUGH HIRWITZ, Acting Director, Federal Bureau of Prisons,
N MORSE, Administrator of the Federal Prison Camp, FCI Florence, CO,
JASON HENDERSON, and
JOHN OLIVER, in their official and individual capacities, jointly and severally,

    Defendants.

## ORDER

Before the court is Defendants' "Unopposed Motion to Stay Discovery and to Vacate Deadline for Submitting Scheduling Order." (["Motion"], Doc. No. 78.) No response has been filed to the Motion. For the following reasons, the Motion is GRANTED.

### STATEMENT OF THE CASE

On July 13, 2019, Plaintiff Colorado Springs Fellowship Church ["CSFC"] and four of its members [the "Individual Plaintiffs"], all of whom are in the custody of the Federal Bureau of Prisons ["BOP"], commenced this lawsuit against three BOP administrators, asserting violations of the Religious Freedom Restoration Act ["RFRA"], the First Amendment of the United States Constitution, and Article II of the Colorado State Constitution. (Doc. No. 1.) On June 11, 2020, judgment was entered against the Individual Plaintiffs, with respect to all claims, and the

Individual Plaintiffs were dismissed from this lawsuit; CSFC's RFRA and First Amendment claims, specifically arising in 2017, were dismissed without prejudice; and CSFC's remaining claims were dismissed with prejudice.  (Doc. No. 56 at 15.)

Three weeks later, on July 2, 2020, CSFC filed an Amended Complaint against five BOP administrators—Defendants E. Williams, Hugh Hurwitz, N. Morse, Jason Henderson, and John Oliver—once again asserting violations of RFRA and the First Amendment.  (Doc. No. 57.) Plaintiff lodges its claims against Defendants, in their individual and official capacities.  (*Id.* at 1.)  In the Amended Complaint, CSFC requests declaratory and injunctive relief, as well as monetary damages.  (*Id.* at 23-25.)

On September 30, 2020, Defendants responded to Plaintiff's allegations by filing a "Motion to Dismiss Pursuant to Rules 12(b)(1), 12(b)(2), and 12(b)(6)."  (Doc. No. 73.)  Four weeks later, on October 26, 2020, Defendants filed the present Motion, asking to stay discovery and to vacate the November 2, 2020 deadline to file a proposed scheduling order.  (Mot. 1.) Defendants argue that a stay is warranted here, because their motion to dismiss invokes qualified immunity against each of Plaintiff's claims, as well as "other threshold issues that should be resolved before discovery commences."  (*Id.* at 1-6.)

**STANDARD OF REVIEW**

The Federal Rules of Civil Procedure do not expressly provide for a stay of proceedings. Rule 26(c), however, permits a court to "make an order which justice requires to protect a party . . . from annoyance, embarrassment, oppression, or undue burden or expense."  Fed. R. Civ. P. 26(c).  Further, "[t]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for

2

itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936) (citing *Kan. City S. Ry. Co. v. United States*, 282 U.S. 760, 763 (1931)).

In this District, a stay of discovery is generally disfavored. *See, e.g.*, *Miles v. BKP, Inc.*, No. 18-cv-01212-PAB-MEH, 2019 WL 5957296, at *1 (D. Colo. Nov. 13, 2019); *Rocha v. CCF Admin.*, No. 09-cv-01432, 2010 WL 291966, at *1 (D. Colo. Jan. 20, 2010); *Chavez v. Young Am. Ins. Co.*, No. 06-cv-02419-PSF-BNB, 2007 WL 683973, at *2 (D. Colo. Mar. 2, 2007). Nevertheless, the decision whether to stay discovery rests firmly within the sound discretion of the court. *United Steelworkers of Am. v. Or. Steel Mills, Inc.*, 322 F.3d 1222, 1227 (10th Cir. 2003) (quoting *Landis*, 299 U.S. at 254).

In ruling on a motion to stay discovery, five factors are generally considered: "(1) [the] plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to [the] plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest." *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 02-cv-01934, 2006 WL 8949955, at *2 (D. Colo. Mar. 30, 2006); *see United Steelworkers*, 322 F.3d at 1227. Further, "a court may decide that in a particular case it would be wise to stay discovery on the merits until [certain challenges] have been resolved." 8A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2040, at 198 (3d ed. 2010). "[A] stay may be appropriate if resolution of a preliminary motion may dispose of the entire action." *Serv. First Permits, LLC v. Lightmaker Vancouver (Internet) Inc.*, No. 18-cv-02089, 2019 WL 109335, at *3 (D. Colo. Jan. 4, 2019) (quoting *Elec. Payment Sols. of Am., Inc.*, No. 14-cv-02624, 2015 WL 3940615, at *1 (D. Colo. June 25, 2015)).

3

## ANALYSIS

In this case, as to the first factor, there is no evidence to suggest that Plaintiff will be prejudiced by a discovery stay. Indeed, Plaintiff does not oppose the stay. (Mot. 1.) The first factor, therefore, weighs in favor of the imposition of a stay. *See Frasier v. Evans*, No. 15-cv-01759, 2015 WL 6751136, at *2 (D. Colo. Nov. 5, 2015) (finding the first factor to weigh in favor of a stay, because the plaintiff did not oppose the requested relief).

As to the second factor, Defendants argue that, if discovery were to proceed, they "would face a significant and irremediable burden in the form of jeopardy to their qualified immunity defense." (Mot. 7.) Qualified immunity "give[s] government officials a right, not merely to avoid standing trial, but also to avoid the burdens of such pretrial matters as discovery." *Behrens v. Pelletier*, 516 U.S. 299, 308 (1996) (alterations omitted) (quoting *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)). The Tenth Circuit has made clear that "qualified immunity questions should be resolved at the earliest possible stage in litigation." *Schwartz v. Booker*, 702 F.3d 573, 579 (10th Cir. 2012) (quoting *Hunter v. Bryant*, 502 U.S. 224, 227 (1991)) (per curiam) (alterations omitted). In addition, "discovery generally should be avoided once qualified immunity is raised," unless the plaintiff demonstrates "how [such] discovery will raise a genuine fact issue as to the defendant['s] qualified immunity claim." *Martin v. Cty. of Santa Fe*, 626 Fed. App'x 736, 740 (10th Cir. 2015) (citing *Cole v. Ruidoso Mun. Sch.*, 43 F.3d 1373, 1387 (10th Cir. 1994)). Here, Plaintiff has made no such demonstration.

Nevertheless, an assertion of qualified immunity "is not a bar to all discovery." *Rome v. Romero*, 225 F.R.D. 640, 643 (D. Colo. 2004). Indeed, qualified immunity is applicable only to individual capacity claims for monetary damages; it is not a defense against claims for injunctive

or declaratory relief, or against official capacity claims. *Meiners v. Univ. of Kan.*, 359 F.3d 1222, 1233 n.3 (10th Cir. 2004) (citing *Frank v. Relin*, 1 F.3d 1317, 1327 (2d Cir. 1993)). In this case, Plaintiff has requested injunctive and declaratory relief, in addition to monetary damages. (Doc. No. 57 at 23-25.) In addition, Plaintiff lodges both individual and official capacity claims against Defendants. (*Id.* at 1.)

However, there is no question that allowing limited discovery to proceed as to the official capacity claims, or as to the individual capacity claims for non-monetary relief, would effectively rob Defendants of their qualified immunity defenses. Indeed, in this case, it would be particularly difficult to distinguish between discovery related to claims that may be subject to qualified immunity, and those that are not. For instance, Plaintiff's claims for declaratory and injunctive relief, which would not be subject to qualified immunity, would result in discovery of the same information that would be relevant to its claims for monetary damages, which potentially would be subject to qualified immunity. Given that qualified immunity "is both a defense to liability and a limited 'entitlement not to stand trial or face the other burdens of litigation," such a scenario would be inappropriate. *See Ashcroft v. Iqbal*, 556 U.S. 662, 672 (2009) (quoting *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)). Accordingly, the second factor supports the imposition of a stay. *See Chapman v. Fed. Bureau of Prisons*, No. 15-cv-00279-WYD-KLM, 2015 WL 4574863, at \*3 (D. Colo. July 30, 2015) (finding the second factor weighed in favor of staying discovery, even though qualified immunity was only applicable as to some of the claims, because "it would be difficult for the parties and the Court to distinguish between discovery related to the claims that may be subject to qualified immunity and those that are not").

Looking to the remaining *String Cheese Incident* factors, the third "court convenience" factor also weighs in favor of stay. Indeed, it is certainly more convenient for the court to enter a stay until it is clear which of Plaintiff's claims, if any, will move forward. The fourth factor bears no weight, as there are no non-parties with significant, particularized interests in this case. As to the fifth factor, the general public's primary interest in this case is an efficient and just resolution. Avoiding wasteful efforts by the court and the litigants serves that purpose.

Therefore, considering the *String Cheese Incident* factors together, as well as the strong interest of resolving immunity questions before subjecting government officials to the vicissitudes of litigation, a stay of discovery is appropriate in this case.

Accordingly, it is

**ORDERED** that Defendants' "Unopposed Motion to Stay Discovery and to Vacate Deadline for Submitting Scheduling Order" (Doc. No. 78) is **GRANTED**. The November 2, 2020 deadline to submit a proposed scheduling order is **VACATED**. Discovery in this matter is **STAYED** pending a ruling on the Motion to Dismiss. The parties shall file a joint status report within ten days of a ruling on the motion to dismiss, if any portion of the case remains, to advise whether the Scheduling Conference should be reset.

This 3rd day of November, 2020.

BY THE COURT:

_____
Kathleen M. Tafoya
United States Magistrate Judge